# OFFICE OF THE FEDERAL PUBLIC DEFENDER

## DISTRICT OF MARYLAND
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

SCOTT CARTER-ELDRED
ASSISTANT FEDERAL PUBLIC DEFENDER

September 1, 2015

The Honorable Marvin J. Garbis
United States District Court
District of Maryland
101 W Lombard St.
Baltimore, MD 21201

In re: *United States v. Roger Wayne Woods*, MJG 15-0173

Judge Garbis:

      I write to you in advance of the re-arraignment in this matter to advise you of Mr. Woods' intention to plead guilty and to assist you in the Rule 11 colloquy. I have reviewed the contents of this letter with Mr. Woods, and he has signed it below.

1. **The Nature of the Charges:**

Mr. Woods is pleading guilty to the indictment currently pending against him, alleging 2 counts of distribution of child pornography (18 U.S.C. §§2252(a)(2), (b)(1) and 3 counts of possession of child pornography (18 U.S.C. §§2252A(a)(5)(B)). The defendant admits that he is, in fact, guilty of these charges.

    a. **The Elements of the Offenses.**

For each of the counts below, Mr. Woods understands that these are the elements of the charged offenses, and believes that the government would be able to prove each of these elements at trial:

    **Count One:**

FIRST: on or about September 20, 2014, in Maryland, Mr. Woods knowingly distributed a visual depiction,
SECOND, that visual depiction was shipped or transported in and affecting interstate commerce by means of a computer,

THIRD, the production of that visual depiction involved the use of a minor engaging in sexually explicit conduct,

FOURTH, that visual depiction is of a minor engaged in sexually explicit conduct, and

FIFTH, Mr. Woods knew that at least one of the individuals in the depiction was a minor and knew that the visual depiction was of a minor engaged in sexually explicit conduct.

### Count Two:

FIRST: on or about September 21, 2014, in Maryland, Mr. Woods knowingly distributed a visual depiction,

SECOND, that visual depiction was shipped or transported in and affecting interstate commerce by means of a computer,

THIRD, the production of that visual depiction involved the use of a minor engaging in sexually explicit conduct,

FOURTH, that visual depiction is of a minor engaged in sexually explicit conduct, and

FIFTH, Mr. Woods knew that at least one of the individuals in the depiction was a minor and knew that the visual depiction was of a minor engaged in sexually explicit conduct.

### Count Three:

FIRST: on or about October 21, 2014, in Maryland, Mr. Woods knowingly possessed an external hard drive that contained at least one image of child pornography;

SECOND, that the image contained on the hard drive had been transported in interstate or foreign commerce, including by computer, or that the image was produced using materials that had been mailed or shipped in interstate commerce,

THIRD, that at the time he possessed the image, Mr. Woods knew that the image was child pornography

### Count Four:

FIRST: on or about October 21, 2014, in Maryland, Mr. Woods knowingly possessed an external hard drive that contained at least one image of child pornography;

SECOND, that the image contained on the hard drive had been transported in interstate or foreign commerce, including by computer, or that the image was produced using materials that had been mailed or shipped in interstate commerce,

THIRD, that at the time he possessed the image, Mr. Woods knew that the image was child pornography

### Count Five:

FIRST: on or about October 21, 2014, in Maryland, Mr. Woods knowingly possessed an external hard drive that contained at least one image of child pornography;

SECOND, that the image contained on the hard drive had been transported in interstate or foreign commerce, including by computer, or that the image was produced using materials that had been mailed or shipped in interstate commerce,

THIRD, that at the time he possessed the image, Mr. Woods knew that the image was child pornography

### 2. Penalties

The minimum penalty for Counts one and two is five years' incarceration and no less than five years supervised release; the maximum penalty is twenty (20) years' incarceration. The maximum penalty for counts three, four, and five is 10 years' incarceration and no less than five years of supervised release. The maximum fine is $250,000. Mr. Woods understands that he will be ordered to pay a $100 special assessment that may not be waived. In addition, Mr. Woods understands that he may be ordered to pay restitution to any victims. Mr. Woods also understands that as a result of his conviction, he will be required to register as a sex offender in the place where he resides, works, or studies. Failure to do so could result in new criminal charges.

### 3. Waiver of Rights

Mr. Woods understands that by pleading guilty, he surrenders certain rights as outlined below:

1. If Mr. Woods had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if Mr. Woods, the Government, and the Court all agreed.

2. If Mr. Woods elected a jury trial, the jury would be composed of twelve individuals selected from the community. Undersigned counsel and Mr. Woods would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before Mr. Woods could be found guilty of any count. Similarly, all twelve jurors would have to agree in order for Mr. Woods to be found not guilty. If a unanimous verdict of guilty or not guilty did not occur, the Government could retry the case as many times as is necessary in order to have a jury reach a unanimous verdict. The Court would instruct the jury that Mr. Woods was presumed to be innocent, and that presumption could be overcome only by proof that satisfied the jury beyond a reasonable doubt.

3. If Mr. Woods went to trial, the Government would have the burden of proving Mr. Woods guilty beyond a reasonable doubt. Mr. Woods would have the right to confront and cross-examine the Government's witnesses. Mr. Woods would not have to present any defense witnesses or evidence whatsoever. If Mr. Woods wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

4. Mr. Woods would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that it could not draw any adverse inference from his decision not to testify. In other words, the Court would tell the jury that it could not believe that Mr. Woods was guilty simply because he did not testify.

5. If Mr. Woods were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.

6. By pleading guilty, Mr. Woods will be giving up all of these rights, except the right to appeal the sentence. By pleading guilty, Mr. Woods understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements Mr. Woods makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

7. If the Court accepts Mr. Woods's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

8. By pleading guilty, Mr. Woods will also be giving up certain valuable civil rights. He understands that there are immigration consequences associated with this conviction and has been counseled accordingly.

4.   **Advisory Sentencing Guidelines Apply**

Mr. Woods understands that the Court will make a determination as to his sentencing guideline range for his case pursuant to the Sentencing Reform Act of 1984 (as excised) and the Sentencing Guidelines Manual. Mr. Woods further understands that the Court will carefully consider all relevant information pursuant to 18 U.S.C. §3553(a).

Mr. Woods has reviewed U.S.S.G. §~~3B1.2~~ 2G2.2 and understands that this is the chapter of the sentencing guidelines manual that will applied by the Court in determining his guideline range.

There is no agreement between the parties as to either the appropriate guideline calculation or Mr. Woods' criminal history.  Mr. Woods intends to inform the Court, at the time of the plea, that the facts set forth in Attachment A to this letter establish the factual basis for his plea.

5. **Voluntary Plea**

Mr. Woods is making this plea freely and voluntarily.  No one has threatened harm to him or anyone else in order to get him to plead guilty.  No one has promised him any benefit in exchange for pleading guilty.  Mr. Woods has reviewed the facts and law of the case, as well as this letter, and is making this decision after being fully informed.

Respectfully,

/s/

Scott Carter-Eldred

I have read this letter and discussed it with my attorney.  I understand the terms of the letter and do not wish to change it.

Roger Wayne Woods

## ATTACHMENT A

Based on his knowledge and his review of discovery, Mr. Woods stipulates that the government would have been able to prove the following facts against him at a trial:

Roger Woods is a resident of Gwynn Oak, Maryland and at all times relevant to these charges was a resident of Maryland.

On September 20, 2014, Mr. Woods was using his computer and running a program called BitTorrent. BitTorrent allows users to exchange files over the internet with other BitTorrent users. On September 20 and September 21, 2014, Mr. Woods was using this program, making the files on his computer available for others to download. Over the course of these two days, a detective from the Baltimore County Sherrif's office downloaded files containing child pornography from Mr. Woods' computer. These included an image called "isl-021-090.jpg, which depicts a naked prepubescent female lying on her side and exposing her genitalia to the camera. The images also included a file called "isl-025-086.jpg," an image of a naked prepubescent female exposing her genitalia to the camera.

On October 21, 2014, a search and seizure warrant was executed at Mr. Woods' residence. Among the items seized was Mr. Woods' ASUS desktop computer, a Seagate hard drive, and DVD-R. From these items, detectives recovered many files that contained images of child pornography.

Mr. Woods was arrested and mirandized, after which he volunteered to answer the questions the police had for him. During the interview, he admitted that he had used BitTorrent and admitted that he knowingly possessed child pornography on his computer. He admitted that he left BitTorrent running even when he was not home. Mr. Woods was aware that BitTorrent could share his files with other users.

I have read this statement of facts and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_____
Roger Wayne Woods